## MOORE et al. v. MOORE.

### No. 3780.

Court of Civil Appeals of Texas. Beaumont.

Jan. 14, 1941.

Rehearing Denied Jan. 22, 1941.

Sam D. Snodgrass, of Temple, for appellants.

Laurel M. Dunn, of Abilene, and Henry Taylor, of Temple, for appellee.

O'QUINN, Justice.

On July 31, 1903, the fraternal society commonly known as the Woodmen of the World, and hereinafter referred to as such, issued to William W. Moore its life insurance policy No. 88089–Texas in the sum of $2,000. His wife, Laura S. Moore, was named in the policy as beneficiary.

Thereafter, on March 22, 1906, at request of insured, a new certificate or policy of insurance was issued to William W. Moore in said sum naming Henry M. Moore, brother of insured, as beneficiary.

On December 12, 1907, at request of William W. Moore, insured, a new certificate or policy was issued to William W. Moore in said sum naming Maronie Arthur Moore, son of insured, and Henry M. Moore, brother of insured, as beneficiaries. In the meantime Mrs. Laura S. Moore, wife of William W. Moore, had died.

Thereafter, on August 13, 1910, at the request of insured, a new certificate or policy of insurance was issued to William W. Moore in said sum of $2,000, and bearing the original number 88089–Texas, naming Maronie Arthur Moore, son, Mabel Moore, wife, and Henry M. Moore, brother, as beneficiaries.

On October 3, 1928, at the request of William W. Moore, the insured, a new certificate or policy of insurance was issued to insured in the said sum and of same number, which designated Mabel Alice Moore as beneficiary.

None of these identical certificates are involved herein, but are mentioned to show the various changes or mutations of the insurance directly involved.

On December 4, 1935, at the request of insured, William W. Moore, a new certificate or policy of insurance was issued to William W. Moore, in the same sum and bearing the original number, 88089–Texas, naming Maronie A. Moore, son, as beneficiary. (Mrs. Mabel Alice Moore, wife of insured, had died on January 14, 1932.)

Subsequently, on September 6, 1938, insured, William W. Moore, made written application to the insurer, W. O. W., for an exchange of certificate 88089–Texas for a new type of Level Benefit certificate in the sum of $1,194. In said application for exchange, he, for himself and his beneficiaries, and for anyone claiming any right in, through or on account of said certificate 88089–Texas, released the Woodmen of the World Life Insurance Society from any and all liability, and executed a waiver of the old certificate 88089–Texas, and as a condition precedent to the approval of his application for such exchange he waived all rights and benefits which he or his beneficiaries might have theretofore acquired, or might then have under said certificate 88089–Texas, and cancelled same. On July 20, 1939, the W. O. W. Society issued to him, in consideration of his application for such exchange beneficiary certificate L–16-62212–B in the amount of $1,194, designating Arthur Hewitt, Henry M. Moore, Scarborough & Ely, and Sam D. Snodgrass as beneficiaries. (Said beneficiaries were to receive, respectively: Arthur Hewitt, $250 for burial expenses; Henry M. Moore, brother to insured, one-half of the balance after Hewitt received $250; and the remaining balance was to be divided between Scarborough & Ely, a law firm, on the one hand, and Sam D. Snodgrass, a lawyer, on the other.)

The insured, William W. Moore, died November 5, 1939. Certificates 88089–Texas, and L–1662212–B are involved in this suit. Maronie Arthur Moore, son (and only child) of insured, claimed as beneficiary under policy 88089–Texas, and appellants, Arthur Hewitt, Henry M. Moore, brother of insured, and Scarborough & Ely, and Sam D. Snodgrass claimed as beneficiaries under policy L–1662212–B. This suit was filed by the Woodmen of the World Life Insurance Society in the nature of an interpleader suit, impleading the various claimants to said fund, and admitting its liability under the one or the other of said policies of insurance, in the sum of $1,190.71, and alleged its willingness to pay said sum to such claimant or claimants as the court determined to be lawfully entitled to receive same, and by permission of the court paid said sum into court to await the orders of the court, and by judgment was discharged from further liability.

It was pleaded by the W. O. W. Society and admitted by the defendant claimants that by reason of a change in the premium rates to be paid on policies, increasing the rates, and which increased rates had not been paid on either of them, that there was a lien against policy L–1662212–B in favor of the insurer in the sum of $56.11, which should be deducted from the face of the policy, and that there was a credit of $52.82 caused by savings and gains which should be added to the sum of said policy, making the

total amount of $1,190.71 net death benefit under the policy. If, however, policy L–1662212–B be not valid, but that payment should be under policy 88089–Texas, then the amount payable would be $1,169. In any event, the W. O. W. Society admitted liability in the sum of $1,190.71, and by permission of the court paid said amount into the coffers of the court.

Appellee, Maronie A. Moore, claims by virtue of being beneficiary under policy 88089–Texas, insisting that policy L–1662212–B, under which appellants claim, was invalid and was never of legal existence because at the time William W. Moore applied for the exchange of policies under which application policy L–1662212–B was issued he was of unsound mind, not capable of understanding the nature and effect of his acts, but acted under the compulsion and persuasion of appellant Henry M. Moore, brother of insured; that William W. Moore was old, and for a long period of time had been feeble in body and mind, and incapable of directing or accepting the policy under which appellants claim for and instead of that under which he, appellee, claimed for in that he was not capable of understanding the nature and effect of his acts, and denied that insured, if in fact he did undertake to make such change of policies, realized or knew the effect of the acts by him done in making such exchange, but was wholly incapable of so doing. All these allegations were denied by appellants, other than that William W. Moore freely, voluntarily and actually applied for and secured the exchange of the policies, receiving policy L–1662212–B as his insurance policy which named appellants as beneficiaries. There were many allegations and counter allegations made by the parties, but as the capacity of the insured to act in the premises is the controlling issue, we do not make any further statement of the matters plead.

At the close of the evidence, appellants moved for an instructed verdict in their favor which was refused. The case was then tried to a jury upon special issues upon their answers to which judgment was entered in favor of appellee.

Special issue No. 1 was: "Do you find from a preponderance of the evidence that the mark of deceased, William W. Moore, appearing on the request for change of beneficiaries, of date November 12th, 1938, and introduced in evidence before you herein, was made thereon by J. E. Francis while the deceased, William W. Moore held the pen, if any, then being used by said Francis? Answer yes or no." The jury answered: "Yes."

Appellants' first proposition asserts that the jury's answer to this issue was without sufficient support in the evidence—that the evidence did no more than raise "a surmise or suspicion that the deceased, William W. Moore, was a person of unsound mind on November 12, 1938, at the time he signed the written request for change of beneficiaries in his life insurance certificate, if it did that," and hence it was error for the court to refuse their request for an instructed verdict. The proposition is without merit. The undisputed evidence showed that William W. Moore was in bed, could not hold the pen with which he was to affix his signature to the application for a change of beneficiaries in the policy, which was wholly written by a third party, and that one J. E. Francis held the pen and guided same in insured making his mark thereto for a signature. That he was in his sixty-eighth year and for years had been in very poor health, was extremely weak in body and feeble in mind, hardly able to speak. There was ample support in the evidence raising the issue of unsoundness in mind of insured.

Special issue No. 2 submitted to the jury read: "Do you find from a preponderance of the evidence when the deceased, William W. Moore, executed the request for change of beneficiaries (if he did) of date November 12th, 1938, and introduced in evidence before you herein, he was of unsound mind, as that phrase has been defined to you above? Answer Yes or No." The jury answered: "Yes."

Appellants' second proposition challenges this finding as "without support in the evidence," wherefore the trial court erred in refusing their motion for an instructed verdict and in overruling their motion for a new trial on said ground. This proposition is overruled. We shall not undertake to set out or quote from the record the evidence which supports the jury's finding, but will say that there is ample evidence supporting the jury's finding.

There are several other propositions urging error, but as our above holding disposes of the appeal, they become immaterial, and are overruled without discussion.

The judgment should be affirmed, and it is so ordered.

Affirmed.